# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Stacy Nelligan**, | |
| Plaintiff, | Case No. |
| v. | |
| **Great American Power, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Stacy Nelligan** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Great American Power, LLC** (Defendant):

## INTRODUCTION

1.	Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2.	This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3.	This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Pennsylvania.

4.	Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Souderton, PA 1894.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with national headquarters located at 2633 McKinney Avenue, Suite 120-517, Dallas, TX 75204.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. Plaintiff has cellular telephone numbers ending in 5965 and 7027.

11. Plaintiff has only used these phone numbers as cellular telephones.

12. Defendant and its agents repeatedly called Plaintiff on her cellular telephone for solicitation purposes.

13. Defendant was trying to get Plaintiff to switch to its power company.

14. Plaintiff was not interested in switching electric companies, did not request information from Defendant or any other company regarding energy supply, and did not consent to Defendant or its agent's calls.

15. When contacting Plaintiff on her cellular telephone, Defendant and its agent used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Plaintiff knew Defendant and/or its agent was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

17. These calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

18. Plaintiff has been on the Do Not Call Registry since November 4, 2010.

19. Upon the initiation of calls or shortly thereafter, Plaintiff declined the services that Defendant had been offering and demanded that they stop calling her cellular telephone.

20. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted Defendant to stop placing calls to her cellular telephone, its continued calls could have served no lawful purpose.

21. Despite Plaintiff's clear demand to refrain from contacting her, Defendant and its agents persisted in calling Plaintiff repeatedly.

22. These incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

35. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

, Plaintiff, STACY NELLIGAN, respectfully prays for a judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    g.    Any other relief this Honorable Court deems appropriate.

### Demand for Jury Trial

**Please take notice** that Plaintiff, **STACY NELLIGAN**, demands a jury trial in this case.

Respectfully submitted,

Dated: 02/24/21

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com